**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF NEW YORK**

_____

THE UNITED STATES OF AMERICA

                                                       **NOTICE OF MOTION**
                                                       Docket No.: **18-CR-358**
                                                       **SUPERSEDING INDICTMENT**

-vs-

LOGAN DECKER,

                              Defendant

_____

PLEASE TAKE NOTICE, that upon the affirmation of DAVID R. MORABITO, attorney

for the above-named defendant, and upon the Indictment and all prior papers and

proceedings had herein, the defendant will move this Court for relief pursuant to the

following motions:

                                                                  **Page**

**MOTION FOR DISCOVERY AND INSPECTION UNDER
RULES 12 AND 16 OF THE FEDERAL RULES OF
CRIMINAL PROCEDURE**..............................     **5**

**MOTION FOR REQUEST FOR BILL OF PARTICULARS
PURSUANT TO RULE 7 (f) OF THE FEDERAL RULES
OF CRIMINAL PROCEDURE**.........................     **9**

**MOTION FOR DISCLOSURE OF BRADY MATERIAL**......    **12**

**MOTION FOR DISCLOSURE OF WITNESSES
STATEMENTS AND PRODUCTION OF JENCKS
ACT MATERIALS**................................     **17**

**DISCLOSURE OF EVIDENCE PURSUANT TO FEDERAL
RULES OF EVIDENCE §§ 404 (b), 608 and 609**....     **20**

**MOTION FOR PRESERVATION OF ROUGH NOTES AND
REQUEST FOR IN-CAMERA REVIEW**.................     **22**

**MOTION FOR DISCLOSURE OF INFORMANT
INFORMATION**...................................     **23**

**MOTION FOR SEVERANCE OF DEFENDANTS**...........   **25**

**MOTION TO JOIN IN MOTIONS MADE BY OTHER COUNSEL**......................................   **27**

**MOTION TO SUPPRESS STATEMENTS TAKEN IN VIOLATION OF DEFENDANT'S FIFTH AND SIXTH AMENDMENT RIGHTS**.......................................   **27**

**MOTION FOR AUDIBILITY HEARING**................   **29**

**MOTION TO SUPPRESS IDENTIFICATION**............   **29**

**IN CAMERA REVIEW OF PRE-SENTENCE REPORT OF GOVERNMENT WITNESSES**......................   **30**

**MOTION TO SUPPRESS EVIDENCE OF SEARCHES OF ELECTRONIC DEVICES**........................   **30**

**MOTION TO SUPPRESS ARREST AS NO PROBABLE CAUSE**........................................   **33**

**MOTION TO RESERVE RIGHT TO BRING FURTHER MOTIONS**......................................   **34**

Dated: March 26, 2019


Yours, etc.

 /S/ David R. Morabito, Esq.
_____
DAVID R. MORABITO, ESQ.
Attorney for the Defendant
117 West Commercial Street
East Rochester, NY 14445-0187
(585) 586-5770



TO:  Clerk, United States District Court
       Northern District of New York
       100 South Clinton Street
       Syracuse, NY 13261

ATTN: Lisa M. Fletcher, Esq.
        United States Assistant Attorney
        100 South Clinton Street
        Syracuse, NY 13261

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

_____

THE UNITED STATES OF AMERICA

                                              **AFFIDAVIT**
            -vs-                              **DOCKET NO.: 18-CR-358**
                                              **SUPERSEDING INDICTMENT**


LOGAN DECKER,
                        Defendant.
_____

DAVID R. MORABITO, ESQ., under penalties of perjury pursuant to 28 U.S.C. §
1746 states as follows:

1.      I am an attorney licensed to practice in the State of New York and the United
States District Court for the Northern District of New York, I represent the defendant in
the above-captioned matter, and I make the factual allegations contained herein in
support of the relief sought in the annexed Notice of Motion.

2.      Defendant LOGAN DECKER is charged by the above-numbered indictment with
one (1) count of Conspiracy to Sexually Exploit a Child in violation of Title 18 U.S.C.
§§2251(a) and (e) and Sexual Exploitation of a Child (6 counts) in violation of Title 18
U.S.C. §§2251(a). Defendant has been arraigned and entered a plea of Not Guilty to
said charge.

3.      The sources of the information set forth in this affidavit and the grounds for my
belief are conversations between myself and the defendant, examination of the various
papers filed in connection with this proceeding, examination of the voluntary discovery
previously provided by the government, and my independent investigation of the facts

giving rise to the above-mentioned charges.  It is respectfully requested that the defendant have a right to file further motions if it is necessary to review any additional legal issues.

## DISCOVERY & INSPECTION UNDER RULES 12 AND 16
## OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

1.      The defendant has received discovery when the government  provided voluntary discovery to defendant.  However, defendant is requesting the below stated of said records, documents and reports if they exist and have not been turned over through voluntary discovery.

**Rule 16(a)(1)(A):    Statements of defendant**

2.      Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure requires the government to disclose and make available for inspection:

a. any relevant written or recorded statements of the defendant within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government;

b. that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent;

c. the recorded testimony of the defendant before a grand jury relating to the charged offense;

d. the substance of any other relevant oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent if the government intends to use that statement at trial.

The government has supplied defendant with a previous statement(s) made.  However, deponent has been advised that there may be other statements made to law

enforcement that are not incorporated in the nine (9)page statement pursuant to an interrogation conducted on September 2, 2018 by the City of Sioux Falls Police Department.

3.      "Relevance within the meaning of this provision is to be interpreted broadly in deference to the policy judgment that 'disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of justice.'"   *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993).  Items are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government even if they are presently being held by state investigative agencies.  *United States v. Avellino*, 136 F.3d 249 (2d Cir. 1998); *United States v. Payne*, 63 F.3d 1200 (2d Cir. 1995); *Tate v. Wood*, 963 F.2d 20 (2d Cir. 1992).  All law enforcement reports pertinent to this indictment and the investigation leading thereto, including documents maintained by joint task forces and state or local police agencies are also discoverable.  *See United States v. Diggs*, 801 F. Supp. 441 (D. Kan. 1992); *United States v. Mitchell*, 613 F.2d 779 (10th Cir. 1980).  Even items originally obtained from a private citizen are discoverable.  *United States v. Sherwood*, 527 F. Supp. 1001 (W.D.N.Y. 1981)


**Rule 16(a)(1)(B):    Defendant's Prior Record**

4.      The government is required to furnish the defendant with a copy of his prior criminal record.    At this time, the defendant is respectfully requesting that the Government forward a copy of Defendant's record.

**Rule 16(a)(1)(c):   Documents and Tangible Objects**

5.     The government is to permit the defendant to inspect and copy books, papers, documents, photographs, tangible objects and place which are within its possession, custody or control which:

   A. are material to the preparation of the defense; or

   B. are intended for use by the government as evidence in chief at the trial; or

   C. where obtained from or belonged to the defendant.

If these records exist, it is respectfully requested that the government provide the defense with all of the hereinstated discovery.


**The evidence is material to the preparation of the defense**

6.     Evidence that the government does not intend to use in its case in chief is material if it could be used to counter the government's case or to bolster a defense. Information not meeting either of those criteria is not to be deemed immaterial within the meaning of the Rule merely because the government may be able to use it to rebut a defense position.  *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir.1993).


7.     Proof of materiality is not a heavy burden.  Evidence is material if there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony or assisting impeachment or rebuttal. *United States v. Lloyd*, 992 F.2d 348, *reh'g denied*, 71 F.3d 408 (D.C. Cir. 1993); *United States v. Secord*, 726 F. Supp. 845 (D.D.C. 1989).

8.      This information would be material to the preparation of the defense.


**The evidence is likely to be used by the government as evidence in chief at the trial**

9.      If it appears that any potential evidence   will be used by the government as evidence in chief at the trial,   Rule 16 directs that the defense be provided with such information.  Moreover, it is necessary to afford the defense an opportunity to examine it to determine if it is subject to a motion to suppress evidence under Rule 12(b)(3) and (d) of the Federal Rules of Criminal Procedure,

**Notice by the Government of the Intention to Use Evidence**.

10.      This burden cannot be satisfied by merely advising the defense that it "may rely" on certain documents.  *United States v. Poindexter*, 727 F. Supp. 1470 (D.D.C. 1989).


**The evidence was obtained from or belonged to the defendant**

11.      If any evidence was obtained from or belonged to the defendant, it should be subject to discovery.

**Rule 16(a)(1)(D):    Reports of Examinations and Tests**

12.      The government must permit the defendant to inspect and copy any results or reports of physical or mental examinations and scientific tests or experiments which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which is:

a.      material to the preparation of the defense; or

b.      intended for use by the government as evidence in chief at the trial.

It is requested under Rule 12(d) of the Federal Rules of Criminal Procedure, **Notice by the Government of the Intention to Use Evidence**, that the defense be immediately provided with such information in order to afford it an opportunity to move to address suppression issues if they exist.

**Rule 16(a)(1)(E):      Expert witnesses**

13.      The government must disclose a written summary of testimony that it intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial including:

a.      the witnesses' opinions;

b.      the basis for those opinions;

c.      the reasons for those opinions;

d.      the underlying data and predicate materials which substantiate the reliability of any testing processes (*United States v. Yee*, 129 F.R.D. 629 (N.D. Oh. 1990); and

e.      the witnesses' qualifications to give such testimony.

14. If said records exist, defendant is requesting the government to provide the defense with the hereinstated.

## REQUEST FOR BILL OF PARTICULARS PURSUANT
## TO RULE 7(f) OF THE FEDERAL RULES OF
## CRIMINAL PROCEDURE

1.      The defendant requests an order pursuant to Rule 7(f) of the Federal Rules of

Criminal Procedure requiring the government to provide a written bill of particulars as

requested herein.

2.       The requested bill of particulars is necessary to enable the defendant: (1) to

prepare for trial; (2) to prevent unfair surprise at the time of trial; (3) to preclude

successive prosecutions; and (4) to determine whether certain defenses are available.

*United States v. G.A.F. Corporation*, 928 F.2d 1253 (2d Cir. 1991); *United States v.*

*Davidoff*, 845 F.2d 1151 (2d Cir. 1988); *United States v. Bortnovsky*,  820 F.2d 572 (2d

Cir. 1987); *United States v. Biaggi*, 675 F. Supp. 790 (S.D.N.Y. 1987).

3.      The defendant, Logan Decker, seeks the following particularization as to the

Count charged against the defendant:

a.      The names of all persons whom the government will claim at trial were co-
        conspirators, including unindicted co-conspirators, and whether they are in
        federal custody or protective custody;

b.      Whether or not any individual present during the commission of the alleged overt
        acts was acting for the government, and the names, or names then used or
        similar identification, or any such person;

c.      The names, to the extent known, of any persons present when the overt and
        substantive acts allegedly took place;

d.      The date, to the extent known, when the conspiracy was alleged to have opened,
        the dates, to the extent known, when each defendant joined the conspiracy, and
        the date on which the conspiracy ended, including the dates when each
        defendant left the conspiracy, if different than the alleged ending date.   *See*
        *United States v. Feola*, 651 F. Supp. 1068, 1134 (S.D.N.Y. 1987), *aff'd*, 875 F.2d
        857 (2d Cir.), *cert. denied*, 493 U.S. 834 (1989);

e.   Whether the contraband was distributed and possessed by each defendant during the course of the alleged conspiracy to the extent that this information will be presented by the government at trial;

f.   Identification of individuals described as "others" in the Indictment who are known to the government but not identified in the Indictment;

g.   The substance of the conduct attributable to the defendant with respect to the above charge.

h.   The name and addresses of all prosecution witnesses.

i.   Whether the arrest of the defendant was pursuant to a warrant, and if so, then particularize the contents of said warrant.

j.   An itemized description of any property taken from the defendant or an accomplice during the investigation of the alleged offense, the person or place from which taken, the person effecting such seizure, the dates of such seizure(s), and whether such seizure(s) was pursuant to a warrant.

k.   A description of any and all instrumentalities allegedly used by the defendant or an accomplice during the commission of the offense charged and the exact current location of said items.

l.   The theory of prosecution upon which the offense charged is based.

4.   This Court has "very broad discretion" to direct the government to provide a bill of particulars, including the names and addresses of potential witnesses and when and where they heard incriminating statements, when the information is necessary or useful in preparing a defense.  *Will v. United States*, 389 U.S. 90 (1967).

5.   The fact that the indictment is valid is no defense to a Bill of Particulars, thus the underlying purpose of Rule 7(f) is not to cure defects in the government pleadings, but rather to "furnish the defendant further information respecting the charge stated in the indictment when necessary to the preparation to the defendant's defense, and to avoid prejudicial surprise at trial."  United States vs Haskin, 345 F2nd 111(6th Cir. 1965);

Case 5:18-cr-00358-DNH   Document 28   Filed 03/28/19   Page 12 of 36

Pipkins vs United States, 243 F2nd 491 (5th Cir. 1957); United States vs Beardon, 423 F2nd 805 (5th Cir. 1970) and where the information sought is necessary to the preparation of a defense or to prevent surprise, then the "accused is entitled to this as of right" regardless of whether such disclosure would be privileged or otherwise.

***BRADY* MATERIAL**

1.      The defendant moves for an order, pursuant to *Brady* and its progeny, compelling the government to disclose all potentially favorable evidence having a reasonable probability to affect the outcome of the proceedings.  It is further requested that this Court direct the government to disclose such information immediately.

**Legal Principles**

2.      The requests made hereafter are discoverable under the *Brady* doctrine whether the information sought is exculpatory (*i.e.*, goes to guilt or innocence) or simply useful for impeachment (*i.e.*, has the potential to alter the jury's assessment of the credibility of a significant prosecution witness).   As such, **there is no difference between exculpatory and impeachment evidence for *Brady* purposes.**  *Kyles v. Whitley*, 514 U.S. 419, 433 (1995); *citing United States v. Bagley*, 473 U.S. 667, 676 (1985); *see also*, *United States v. Avellino,* 136 F.3d 240, 255 (2d Cir. 1998).

3.      "Favorable evidence is material and constitutional error results from its suppression by the government, if there is a **reasonable   probability that**, had the evidence been disclosed to the defense **the result of the proceeding would have been different.**"  *Kyles v. Whitley*, 514 U.S. at 433-34.  Stated differently, evidence is favorable if "it could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict."  *Id.*  As such, the withholding of information,

12

the cumulative effect of which is favorable, violates the *Brady* principle.  *Id.*  Notably, the Supreme Court has also held that the test is not whether there would be enough to convict despite the disclosed evidence.  *Bagley,* 473 U.S. at 682.

4.      Evidence is also discoverable if it affects the punishment in the case.  *Brady*, *supra.*  The defendant seeks immediate disclosure of any exculpatory information which the government has, or can be obtained from police agencies investigating the defendant, which tends to support the defendant's argument of innocence.

5.      Furthermore, ". . . the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police .  But whether the prosecutor succeeds or fails in meeting this obligation, . . . the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable."  *Kyles*, 514 U.S. at 437.  Concomitantly, doubtful questions should be resolved in favor of the accused.  *Id.*

6.      The prosecutor is presumed to have knowledge of all information gathered in connection with her office's investigation of the case.  The duty exists even if it places a burden on large offices to insure communication of all relevant information on each case to every lawyer who deals with it. *Giglio v. United States*, 405 U.S. 150, 154 (1972).

7.      Regardless of a specific request, if there is a **reasonable probability that the result may be different**, it should be produced.  *Bagley,* 473 U.S. at 682-83.   The more specific the request for certain evidence, the more reasonable it is for the defense to assume from the non-disclosure that the evidence does not exist, and to make pretrial and trial decisions based on this assumption.  *Id.*

**Discovery Requests**

8.      The defendant requests production and disclosure of all materials potentially

favorable to him, under the *Brady* doctrine, including, but not limited to, the following:

a.      Evidence which is exculpatory in nature, including but not limited to information, documents, materials or any other evidence which is even only arguably potentially favorable to the defendant (*see United States v. Arnold*, 117 F.3d 1308 (11th Cir. 1997); *United States v. Mitchell*, 613 F.2d 779 (10th Cir. 1980); *United States v. Diggs*, 801 F. Supp. 441 (D. Kan. 1992));

b.      Evidence that a government witness has been told that he will be prosecuted if he does not implicate the defendant (*see United States v. Scheer*, 168 F.3d 445 (11th Cir. 1999)) or a defense witness has been told that he will be prosecuted if he testifies or otherwise assists the defendant (*see United States v. Golding*, 168 F.3d 700 (4th Cir. 1999));

c.      Any and all statements made by any witnesses who have been interviewed by an agent of the government in connection with the subject matter of this case, regardless of whether such statement has been signed or otherwise adopted or approved by said witness, or any other evidence tending to undermine the credibility of any informant or other witness on which information the government relied in investigating the defendant, irrespective of whether that informant or witness will testify at trial (*Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Scotti*; 47 F.3d 1237 (2d Cir. 1995));

d.      Any other evidence which may be used to impeach the credibility of a government  witness, including but not limited to:

i.      plea agreements, promises of immunity, leniency, financial assistance or other forms of assistance to any witness (*see United States v. Bagley*, 473 U.S. 667 (1985); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Taylor*, 707 F. Supp. 696, 703 (S.D.N.Y. 1989); *United States v. Biaggi*, 675 F. Supp. 790, 812 (S.D.N.Y. 1987));

ii.       prior criminal record(s) or other acts of misconduct of any witness (*see United States v. DiLorenzo*, 1995 W.L. 169003, *6 (S.D.N.Y. 1995); *United States v. Marshak*, 364 F. Supp. 1005, 1007 (S.D.N.Y. 1973));

iii.      evidence tending to show that any government witness has previously committed perjury (*see United States v. Vozzella*, 124 F.3d 389 (2d Cir. 1997));

iv.      prior inconsistent statements of any government witness (*see United States v. Strother*, 49 F.3d 869 (2d Cir. 1995); *United States v. Peters*, 732 F.2d 1004 (1st Cir. 1984));

v.      confidential files of any government informant(s), insofar as said files contain impeachment material;

vi.      "rap" sheets of any government witness, including the criminal records of informant(s);

vii.      prior testimony of any government witness which contains inconsistent statements or evidence of a witness's prior bad acts (*Kyles v. Whitley*, 514 U.S. 419 (1995));

viii.      materials relating to the character of any government witness, including all law enforcement memoranda, reports, documents, etc., critical of the witness or her credibility (*see United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993); *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1992));

ix.      evidence that any government witness has a history of drug or alcohol abuse (*see Taylor*, 707 F. Supp. at 703; *United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995)), including the results of drug tests conducted during the period of time the witness/informant was working for the government;

x.      evidence that a government witness engaged in threats in the course of the investigation (*see United States v. O'Connor*, 64 F.3d 355 (8th Cir.), *cert. denied*, 116 S. Ct. 1581 (1996));

xi.      evidence that any government witness has a history of psychiatric treatment;

xii.      federal, state or local pre-sentence reports done in connection with any governmental witness (*see United States v. Moore*, 949 F.2d 68, 72 (2d Cir. 1991));

xiii.  the parole, probation and/or supervised release status of any government witness;

xiv.      any promises to a government witness regarding tax or administrative liability, or help in forfeiture proceedings;

xv.      money or any other award, including living expenses, medical expenses or transportation expenses, provided to any government witness;

xvi.      involvement/participation in any witness protection program;

xvii.threats or other information provided to any informant(s) or witness(es) regarding the implications of a failure to testify; (*see United States v. Scheer*, 168 F.3d 445 (11th Cir. 1999));

xvii.  tax returns of any government witness which indicate that the witness has failed to comply with tax laws (*see United States v. Lloyd*, 992 F.2d 348 (D.C. Cir. 1993); *United States v. Covello*, 410 F.2d 536 (2d Cir. 1969));

xviii.   reports of polygraph tests, including oral as well as written reports of examiners, and all charts examined in connection therewith (*see United States v. Greichunous*, 572 F. Supp 220 (N.D. Ill. 1983));

xix.   evidence that a government witness was the target of any criminal or civil investigation;

xx.   "El Rukn"-type benefits, such as free telephone service, contact and conjugal visits, alcohol, clothing, declination of prosecution for drug use, etc.; and

xxi.   all other material which tends to impeach any government witness (*see United States v. Bagley*, 473 U.S. 667 (1985); *Giglio v. United States*, 405 U.S. 150 (1972)).

e.   favorable evidence, which, when taken as a whole, could reasonably put the case in a different light by looking at the cumulative effect, rather than item by item. *(Kyles v. Whitley*, 514 U.S. 419 (1995));

f.   Any other evidence tending to be favorable to the defense which may result in a different outcome of these proceedings, regardless of any specific request made herein. (*see United States v. Bagley*, 473 U.S. 667).

**Timing of the Disclosures**

9.   These duties impose on the government an obligation to make such disclosures not only to aid the accused in his preparation for trial, but also to his determination of whether or not to plead guilty.   As stated by the Second Circuit in *United States v. Avellino*, *citing Tate v. Wood,* 963 F.2d 20 (2d Cir. 1992):

"The government's obligation to make such disclosures is pertinent not only to an accused's preparation for trial, but also to his determination of whether or not to plead guilty.  The defendant is entitled to make that decision with full awareness of favorable material evidence known to the government."  136 F.3d at 255.

10.   As such, this information should be disclosed immediately as well as all favorable evidence discovered hereafter.

**Ongoing Duty to Disclose**

11.     Although "[there is no established procedure for the due process disclosure required by *Brady*[,] [t]he information should be given to the defense as it becomes known to the government . . . ."  *Kyles*, 514 U.S. at 440.

12.     Moreover, due process requires that the defense be given this material in advance of trial so that investigatory leads may be pursued in sufficient time to permit a full preparation of the defendant's case.  *Arizona v. Young blood*, 488 U.S. 51 (1988); *United States v. Bejaia*, 904 F.2d 137, 140-141 (2d Cir. 1990); *United States v. Agajanian*, 852 F.2d 56 (2d Cir. 1988); *United States ex rel. Lucas v. Regan*, 503 F.2d 1, 3 n.1 (2d Cir. 1974), *cert. denied*, 420 U.S. 939 (1975);  *Grant v. Alldredge*, 498 F.2d 376 (2d Cir. 1974); *United States v. Cobb*, 271 F. Supp. 159, 163 (S.D.N.Y. 1967).

**Reservation of Rights**

13.     Counsel specifically reserves the right to make additional requests for the material covered above at the time this motion is argued, or at such other time as the existence of such materials shall become known to counsel for the defendant, and it is respectfully requested that the prosecution be admonished that its duty under *Brady/Giglio* is a continuing one.

## DISCLOSURE OF
## WITNESSES' STATEMENTS

1.     The defendant moves for disclosure of witnesses' statements pursuant to 18 U.S.C. Section 3500 ("*Jencks Act*") and Rule 26.2 of the Federal Rules of Criminal

Procedure, the defendant is entitled to each witness statement after the witness has completed his or her testimony on direct examination.  It is respectfully requested by defendant to obtain "JENCKS" material at least one  ( 1) month in advance of trial.

2.      The Second Circuit has interpreted this statute to include a substantially verbatim statement of a witnesses' words as recorded by a government agent if they could fairly be deemed to reflect fully and without distortion what had been said to a government agent.  *United States v. Scotti*, 47 F.3d 1237, 1249 (2d Cir. 1995).

3.      The Supreme Court has made it clear that there is no difference between impeachment and exculpatory evidence under the *Brady* rule.  *United States v. Bagley*, 473 U.S. 667 (1985).[1]   As such, any requests made herein which also fall under *Brady* and its progeny shall be a request for their immediate disclosure.

4.      Pursuant to Rule 26.2 of the Rules of Criminal Procedure, the *Jencks Act* is applicable to pre-trial suppression hearings, sentencing hearings, revocation or modification of supervised release and probation hearings, detention hearings and preliminary examinations and grand jury.

5.      The defendant moves for an order requiring production of *Jencks Act* materials, namely all statements and reports in the possession of the United States which were made by government witnesses or prospective government witnesses and which relate to the subject matter about which those witnesses may testify, as per the *Jencks* Act, 18 U.S.C. § 3500, and Rule 26.2, Federal Rules of Criminal Procedure.

A.     The term "statements" shall include:

i.     any written statement made by a witness and signed or otherwise adopted or approved by him;

ii.    stenographic, mechanical, electronic or other recording, or transcriptions thereof, which are a substantially verbatim recital of an oral statement made by a witness and recorded contemporaneously with the making of such oral statement;

iii.   a statement, however taken or recorded, or a transcription thereof, if any, made by a witness to a grand jury;

iv.    statements which fairly and fully reflect, without distortion, made to a government agent by a witness, *United States v. Scotti,* 47 F.3d 1237 (2d Cir. 1995);

v.     Any and all rough notes of witness interview(s) taken or obtained in any investigation of the defendant including federal, state, local, and other investigations whether or not the contents thereof have been incorporated in official records;

vi.    Any notes and memoranda made by government counsel during the interview of any witness(es) intended to be called by the government in their direct case, *Goldberg v. United States*, 425 U.S. 94, 101-108 (1976); and

vii.   All surveillance reports made or adopted by a witness.  *United States v. Petito*, 671 F.2d 68, 71 (2d Cir. 1981).


**Timing of Disclosure**

6.     In addition to avoiding unnecessary delays, sufficient pre-trial delivery of *Jencks* material in addition to avoiding delays also insures that the defendant's fundamental right to a fair trial and due process rights are safeguarded.  As stated herein, defendant requests at least one (1) month in advance of trial for a receipt of 'JENCKS" material.

7.     Therefore, the defendant seeks production of the statements prior to trial for the purposes of judicial economy, to expedite discovery and the trial of this case, and to avoid potential problems on the issue of whether all material has been tendered pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.  Although a District

Court may not ordinarily compel disclosure of *Jencks* material prior to the conclusion of a witness' direct examination, early disclosure of *Jencks* material obviates trial interruptions and permits defense counsel to study the disclosures.  *See United States v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5th Cir. 1979).

8.      Courts have on a case-by-case basis, invoked their discretion to require production of *Jencks Act* statements in advance of the trial so that unnecessary delays will not take place during the course of the trial.  *See United States v. Percevault*, 490 F.2d 126, 132 (2d Cir. 1974); *United States v. Feola*, 651 F. Supp. 1068, 1139-40 (S.D.N.Y. 1987).

9.      In conjunction with the defendant's request for early disclosure of *Jencks Act* material, the defense also requests that the government provide a list of the witnesses it intends to call at trial.  In *United States v. Avellino*, 136 F.3d 249 (2d Cir. 1998), the Second Circuit held that evidence whose function is impeachment is material if the witness in question supplied the only evidence linking the defendant to the crime or where the witness' testimony was crucial to an essential element of the crime.  *See also, United States v. Cannone*, 528 F.2d 296, 300 (2d Cir. 1975)

10.      Moreover, there is no evidence of any danger of subordination of perjury or intimidation of witnesses.

11.      Accordingly, it is respectfully requested that the government be required to provide defendant with a list of anticipated witnesses and to update the list periodically as necessary.

**MOTION FOR DISCLOSURE OF EVIDENCE
PURSUANT TO FEDERAL RULES OF EVIDENCE
404(b), 608 AND 609**

**Federal Rule of Evidence 404(b)**

1.      Pursuant to Federal Rules of Criminal Procedure 12(b)(4), (d)(1) and (2) and Federal Rules of Evidence 104(a) and 404(b), the defendant respectfully requests that the government notify the defendant of any evidence that the government contends would be admissible under Fed. R. Evid. 404(b).

2.      In order to permit the defendant the opportunity to file appropriate motions prior to trial, he requests that he be fully apprized of "evidence of other crimes, wrongs, or acts" or transactions involving the defendant which are outside the scope of the indictment and which the government will seek to introduce to demonstrate "motive, or absence of mistake or accident."   Fed. R. Evid. 404(b).

3.      The defense should be put on notice of the exact nature of this evidence, the witnesses pertaining thereto, the documents in support thereof, and the theory upon which the government asserts that admissibility rests.  By so notifying the defense in advance of trial, the defendant can file appropriate motion(s) *in limine* prior to trial and afford the Court the occasion to make pretrial determinations regarding the admissibility of any potential Rule 404(b) evidence proffered by the prosecution.

4.      The pretrial determination of this evidentiary question will serve the smooth operation of the trial, eliminate possible extraneous objections and assist both the government and defense counsel in the presentation of evidence.

**Federal Rule of Evidence 608**

5.      The defendant also requests, pursuant to Rules 608 and 609, pre-trial disclosure of any and all evidence the government intends to use to impeach the defendant's credibility if he should choose to testify.  In the event the government intends to use such evidence, the defendant requests a pretrial hearing to determine the admissibility of such evidence.

6.      Rule 608(b) allows use of specific instances of misconduct against a witness.  In the event the government intends to use specific instances of misconduct against the defendant if he testifies, it is requested that such instances be disclosed prior to trial.

7.      Due process also requires that such material be provided to the defense prior to trial to aid the defendant in deciding whether to proceed to trial or accept a plea.  The Second Circuit has suggested that this information should be produced at this stage in the proceedings.  *See United States v. Avellino*, 136 F.3d 249 (2d Cir. 1998).

**Federal Rule of Evidence 609**

8.      Rule 609 of the Federal Rules of Evidence allows for use of certain prior convictions to impeach the credibility of the defendant, should he testify at trial.  The defense requests notice of any intent to use such information.

## PRESERVATION OF ROUGH NOTES
## AND REQUEST FOR *IN CAMERA* REVIEW

1.      Defendant moves for an order of this Court requiring all government agents and officers who participated in the investigation of the defendant to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of the notes are incorporated in official records.  This motion is made so that the trial court can

determine whether disclosure of the notes is required under *Brady*, *Agurs, Giglio*, the *Jencks Act* (18 U.S.C. § 3500), Rule 26.2 of the Federal Rules of Criminal Procedure, and/or the Fifth and Sixth Amendments of the United States Constitution.

2.      This motion puts the government and its agents on notice that, from this point on, any and all rough notes referred to above should be preserved.   Any destruction of notes after this request for preservation cannot be claimed to have been made in good faith.  *See United States v. Koskerides*, 877 F.2d 1129 (2d Cir. 1989); *United States v. Elusma*, 849 F.2d 76  (2d Cir. 1988); *United States v. Sanchez*, 635 F.2d 47 (2d Cir. 1980); *United States v. Bufalino*, 576 F.2d 446 (2d Cir. 1978).

### DISCLOSURE OF INFORMANT INFORMATION

1.      The defendant moves for disclosure of the name(s), address and criminal record of all informant(s) utilized by the government in its investigation of this case. Pursuant to review of reports, an informant notified law enforcement of the alleged criminal conduct.

2.      In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court held that a government informant's identity must be revealed where the defendant has demonstrated that disclosure is necessary to insure the defendant's right to a fair trial. Where the "disclosure of an informant's identity . . . is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause, the privilege [of non-disclosure] must give way."  *Id.* at 60-61.

3.      The information is also discoverable where the informant witnessed or participated in the criminal transaction.  *Id.*

4.      Disclosure of informant information in this prosecution is essential to a fair determination of the charge filed against the defendant.

5.      In addition, the defense demands the following information about the informant(s):

a.      All evidence affecting the issues of bias or credibility;

b.   Their criminal records, *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980);

c.      All promises or consideration of any kind given to the informants, *Giglio v. United States*, 405 U.S. 150 (1972);

d.      Identification of the informants' prior testimony, *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975);

e.      Evidence of psychiatric treatment of each informant, *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983);

f       Evidence of the informants' narcotic habits, *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972); and

g.      Whether the informants are being compensated, including favorable plea agreements, in return for their cooperation with the government.  *United States v. Morell*, 524 F.2d 550 (2d Cir. 1975).

6.      The inherent unreliability of  the testimony of an accomplice or government informant underscores the need for complete disclosure of information relating to credibility.  See *United States v. Bagley*, 473 U.S. 667 (1985); *Perkins v. LeFevre*, 642 F.2d 37 (2d Cir. 1981); *United States v. Caldwell*, 466 F.2d 611 (9th Cir. 1972).

## SEVERANCE OF DEFENDANTS

1.      Pursuant to Rules 12(b)(5) and 14 of the Federal Rules of Criminal Procedure, the defendant hereby moves to have his case severed from the other co-defendant named in the instant indictment.

2.      Rule 8(b) of the Federal Rules of Criminal Procedure allows for joinder of

defendants in the same indictment.   However, Rule 14 allows for severance and separate trials in appropriate cases.  Rule 14 provides:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.  In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

3.      The defendant will be severely prejudiced if compelled to go to trial with the other named defendant as there appears to be extensive video evidence of the co-defendant only. The defendant is not found in any videos of the alleged criminal acts.

4.      The Second Circuit has no precise test about which factors should be used to resolve a Rule 14 motion, *e.g., United States v. Moten*, 564 F.2d 620, 627 (2d Cir. 1977), *cert. denied*, 434 U.S. 959 (1977), but the standard set forth in *United States v. Kahaner*, 203 F. Supp. 78, 81-82 (S.D.N.Y. 1962), *aff'd*, 317 F.2d 459 (2d Cir. 1963), *cert. denied*, 375 U.S. 836 (1963), is often cited:

The ultimate question is whether, under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon the defendant's own acts, statements and conduct.  In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to [her]?

5.      The Second Circuit has long recognized that "spillover prejudice" may require severance.  *See, e.g., United States v. Locascio*, 6 F.3d 924 (2d Cir. 1993).  Such a risk of prejudice is recognized when there is evidence that the jury should not consider against a defendant that would not be admissible if the defendant were tried alone, but is admitted

against a co-defendant because they are joined.  For example, evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.  *See Kotteakos v. United States*, 328 U.S. 750, 774-755 (1946).

6.     It is submitted that it would be difficult for a jury to consider possible evidence of Amber Decker guilty knowledge without letting it unduly influence them against Logan Decker.   There would be a tendency to assume that Logan Decker is guilty by mere association.

.

7.     On the other hand, if Logan Decker is tried separately, the alleged criminal acts of the above-stated co-defendant, will not be put before the jury.  *See Zafiro v. United States,* 506 U.S. 534 (1993) (prejudice "might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried along is admitted against a co-defendant");  *Gray v. Maryland*, 523 U.S. 185 (1998) (a redacted confession that obviously refers to the defendant is prejudicial); *United States v. Baker*, 98 F.3d 330 (8th Cir.), *cert. denied*, 520 U.S. 1179 (1997) (severance appropriate where prejudicial character evidence is part of co-defendant's defense); *United States v. Breinig*, 70 F.3d 850 (6th Cir. 1995) (a severance should have been granted where the co-defendant's defense included prejudicial character evidence regarding the defendant); *Tifford v. Wainwright*, 588 F.2d 954 (5th Cir. 1979) (a defendant may suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone was unavailable in a joint trial).

8.     The defendant will suffer prejudice for the following reasons:

a.     There is a real danger that the defendant will fall victim to an impermissible "guilt-by-association" analysis by the trial jury;

9.     Based upon the foregoing which, at worst, evidences minimal, if any, involvement by the defendant, he will be severely prejudiced if compelled to go to trial with the other indicted defendant.

10.    There is no alternative other than severance to prevent the severe prejudice to defendant.

11.    Further, at this stage of the legal proceedings, defendant is specifically requesting his right to renew the application for Severance from the other co-defendant if the facts and circumstances dictate the renewed application.  Deponent has reviewed other alleged statements made by co-defendant.  Depending on suppression issues at the pre-trial stage, there may be a host of legal arguments, requiring Severance of defendant Logan Decker from the other co-defendant.


## MOTION TO JOIN IN MOTIONS MADE BY OTHER COUNSEL


1.     Your deponent specifically incorporates each and every argument made by the other counsel in this matter as if fully set forth herein.  Furthermore, your deponent specifically requests that this Court allow counsel herein to join co-counsel in any arguments made orally and subsequently submitted on papers as if fully set forth herein that are not adverse to the defendant.

**MOTION TO SUPPRESS STATEMENTS TAKEN
IN VIOLATION OF THE DEFENDANT'S
FIFTH AND SIXTH AMENDMENT RIGHTS**

1.      Upon review of voluntary discovery, defendant has allegedly made statements on September 3, 2018 at the Sioux Falls Police Department to law enforcement agents Charles Skidmore and Jason Montgomery. The identification file number is PD18-033147 and "printed" on October 2, 2018 in a nine (9)page statement/report.  At the time that the Defendant was interrogated by the Sioux Falls Police Department, he had consumed at least a half bottle of whiskey and was highly intoxicated.

2.      There can be no dispute that statements elicited by law enforcement personnel after an individual has asserted his right to counsel violates his Sixth Amendment right to counsel, *United States v. Abdi*, 142 F.3d 566 (2d Cir. 1998); *United States v. Spencer*, 955 F.2d 814 (2d Cir. 1992), as are statements elicited by law enforcement after a defendant has been formally charged, *Massiah v. United States*, 377 U.S. 201 (1964), "whether by way of . . .  preliminary hearing, indictment, information or arraignment," *Kirby v. Illinois*, 406 U.S. 682, 689 (1972).  And, once the defendant's right to counsel has attached, the accused cannot be questioned in the absence of counsel.

3.      The government bears the "heavy burden" of demonstrating an express and knowing waiver of the defendant's Sixth Amendment rights before being permitted to use unconcealed statements.  *Brewer v. Williams*, 430 U.S. 387 (1977); *United States v. Mathurin*, 148 F.3d 68 (2d Cir. 1998); *see also, Michigan v. Jackson*, 475 U.S. 625 (1986) (finding a waiver of *Miranda* rights insufficient).

4.      The appropriate remedy for a violation of the defendant's sixth amendment rights is not only suppression of the statement made by the defendant, but also suppression of all the fruits of such statement.  *United States v. Kimball*, 884 F.2d 1274 (9th Cir. 1989).

5.      Based upon discussions with my client and my review of the discovery material provided to me by the government, it is submitted that the defendant's Sixth Amendment rights were violated by law enforcement personnel.

6.      Further, the defendant moves to suppress this evidence as illegally obtained because of violations of his Fifth Amendment of the following:

a.      The defendant was not properly advised of Miranda rights prior to his making a statement.

b.      The defendant was not given the opportunity to confer with legal counsel.

c.      The defendant was not advised that he was a suspect in a criminal investigation.

d.      The defendant was not advised that he was under arrest or in custody before the statement was taken.

e.      The statements were made in response to police questioning.

f.      The statement was involuntarily made.

g.      The statement was otherwise obtained in violation of the defendant's rights under the Constitution of the United States.

## REQUEST FOR AUDIBILITY HEARING

1.   Defendant respectfully reserves the right to request an audibility hearing subject to listening to any audio tapes made in connection with this matter and comparing the same to the transcripts prepared by the Government.

**SUPPRESSION OF IDENTIFICATION**

1.      Among documents previously provided to your deponent in discovery, defendant has reviewed reports indicating that someone had identified the defendant as a participant in "sexting" that involved a minor.

2.      An identification procedure had to have been employed involving the defendant. Simply, someone identified the defendant as a participant to the hereinstated criminal conduct.

3.      If the Government does not concede that the identification of the Defendant was accomplished through an impermissible suggestive identification procedure, your Deponent requests that a hearing be conducted into the facts and circumstances surrounding the identification of the defendant.

**IN CAMERA REVIEW OF PRE-SENTENCE
REPORT OF GOVERNMENT WITNESS**

1.      The defendant asks the Court to conduct an *in camera* review of the pre-sentence investigation report of any government witness (who has been charged with Federal/State crimes)   to determine if such report contains exculpatory or impeachment material.  *See United States v. Moore*, 949 F.2d 68 (2d Cir. 1991) (when a co-defendant requests the pre-sentence report of an accomplice witness, the district court should examine the report *in camera* to determine if there are any statements made by the

witness that contain exculpatory or impeachment material); *see also*, *Giglio v. United States*, 405 U.S. 150 (1982); *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Carreon*, 11 F.3d 1225 (5th Cir. 1994); *United States v. Wilson*, 930 F.2d 616 (8th Cir. 1990); *United States v. Trevino*, 556 F.2d 1265, 1271 n.7 (5th Cir. 1977); *United States v. Beckford*, 962 F. Supp. 780, 800 (E.D. Va. 1997).   This includes files of co-defendants.  *United States v. Gallagher*, 99 F.3d 329 (9th Cir. 1996).


**SUPPRESSION OF EVIDENCE - WARRANT**

1.     A number of search warrants were issued for execution on numerous Google, Facebook and cellular devices. Upon information and belief, after having reviewed discovery consisting of documents, reports, records and search warrants, there appears to be little, if any, direct evidence against Logan Decker.


2.     At this time, it appears that the defendant is an aggrieved person within the statutory contemplation of the search warrant statutes/law.    At least one (1) search warrant was executed on, upon information and belief, defendant's cellular device a Silver IPhone 6, phone number 605-940-XXXX, SSN FFMW4GF1HYFK, IME # 352020077972521, Facebook account "Logan Decker.7505" and crowrazor201@gmail.com.


3.     That upon information and belief, contraband  was recovered from the execution of the search warrants that may be directly or indirectly connected to the defendant.  In any event, assuming that the defendant is an aggrieved person within the statutory contemplation of the search warrant statutes/law and that some property, of legal

substance, was apprehended from the defendant's person or property, the defendant wishes to contest any and all search warrants related to him with the below stated.

4.    The search warrant is facially, statutorily and jurisdictionally irregular for the following reasons:

i.    The search warrant and in particular, the Affidavit Application(s), which set forth the items to be seized, were  general, overbroad, limitless in their scope, not defined by articulable probable cause and substantially permitted the police to retrieve without restriction anything they could find on the accounts in question.   The Warrant(s) itself authorizes the seizure of essentially anything that the applying officer conjured that theoretically could have been involved in a crime regardless of relationship to any probable cause or not as demonstrated in the supporting affidavit to a particular account of Facebook or emails, text messages, etc.

ii.    The warrant(s) provided no probable cause basis to believe that the list of items existed as to the defendant.  Upon review of the discovery, the conclusions by law enforcement did not indicate any illegal activity on defendant but rather the co-defendant Amber Decker.  The probable cause based on the hereinstated and set forth in the Warrant Application Affidavit(s) is defective as there is no showing of probable cause in the supporting affidavit(s) connecting the property of defendant to be seized or searched.  The instant warrant(s) are boiler plate in nature and essentially permits a full blown exploratory search of items which are not shown to be connected to the alleged criminal activity other than general allegations that the categories to be searched may

constitute evidence of the commission of an offense with an absence of probable cause to support those listed items. The instant affidavit(s) is not only general and over broad, but even more fundamentally, fails to provide probable cause for the list of things to be seized, or that there was probable cause to believe that the list was remotely predicated on the alleged probable cause as contained in the affidavit(s). Moreover, there is no probable cause setting forth that the investigation/search(s) involved the defendant as it appears that Amber Decker was recording criminal acts upon a minor and not the defendant. Further, there is no proof that the defendant even was a participant in any illegal activity.

iii.    The language in the warrant(s) is effectively a broad unparticularized recitation of items to be "confiscated." Essentially, the language of the instant warrant(s) is simply a list of items which relate back to any evidence which tends to demonstrate that an offense was committed. The present warrant(s), left it virtually entirely to the discretion of the law enforcement officials conducting the search, to decide what items were to be seized and thus is not permissible under the Fourth Amendment.

iv.    The above stated legal arguments are respectfully applied to any and all Search Warrants applicable to the Defendant. The legal arguments should be applied to all Search Warrant Applications involved in this investigation consisting of electronic information, if any contraband or property, can be related directly or indirectly to Logan Decker.

## SUPPRESSION OF ARREST AS
## NO PROBABLE CAUSE

1.     The allegations contained in this section are made on information and belief, the basis for such belief being conversations with the defendant and review of reports supplied by discovery. .

2.     The defendant was arrested on a Federal Warrant.

3.     No valid arrest warrant or search warrant had been issued.

4.     At the time of the arrest, the defendant was not committing any criminal acts.

5.     The defendant denies any involvement that would constitute any acts consisting of distribution, trafficking or conspiracy to commit any sexual exploitation of a child crimes.

6.     The defendant denies that he was committing any crimes.

7.     The search and seizure of the defendant were in violation of defendant's rights as protected by the Fourth Amendment of the United States Constitution.

WHEREFORE, the defendant requests an Order for a probable cause hearing.


## SUPPRESSION - WIRETAP/ELECTRONIC EAVESDROPPING

It is presumed that there was no wiretap/electronic eavesdropping associated with this criminal investigation. If so, defendant respectfully requests to obtain records related to this evidence and preserve his right to file motions to address said evidence.

**FURTHER RELIEF**

1.      The Defendant respectfully reserves the right to make further and additional motions which may be necessitated by the Court's rulings on the relief sought herein.  In particular, the defendant wishes to reserve his rights to file supplemental motions involving search warrants and warrants once he has received all discovery and has had the opportunity to review the audio/visual tapes and compare to transcripts.

2.      The specific requests contained in these motions are not meant to limit or preclude future requests by the defendant for further relief from this Court as appropriate.

3.      The defendant requests that this Court grant such other and further relief as is just and proper.

WHEREFORE, it is respectfully requested that the Court grant the Orders sought herein and, as stated, any further relief which to this Court may appear just and proper.

/S/ David R. Morabito

_____
David R. Morabito

/s/ Colette M. Gagnier
Notary
Sworn to me this 28th    day March, 2019
Commission Expires 2/28/21

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                    Plaintiff

                -vs-

                                                    Docket No.: **18-CR-358**

LOGAN DECKER
                    Defendant
_____

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that he has a Law Office located at P.O. Box 187, 117 West Commercial Street, East Rochester, NY 14445.

On March 28, 2019, a Notice of Motion was served by electronic service by a CM/ECF to:

Clerk, United States District Court -NDNY
AUSA Lisa M. Fletcher, Esq.


/S/ DRM
_____
       David R. Morabito

/s/ Colette M. Gagnier
Notary
Sworn to me this 28th  day March, 2019
Commission Expires 2/28/21